# In the United States Court of Federal Claims

No. 25-700C
(Filed: May 7, 2025)

|   |   |
|---|---|
| **JOSE A. MONTANO** *on behalf of* Montano Electrical Contractor, | ) ) ) ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) ) |
| **UNITED STATES,** | ) ) ) |
| *Defendant.* | ) ) ) |

## ORDER OF DISMISSAL

On April 23, 2025, plaintiff Jose A. Montano, proceeding pro se on behalf of himself and his company, Montano Electrical Contractor (MEC), filed this action. Accompanying the complaint is Mr. Montano's application to proceed *in forma pauperis* (IFP application), requesting a waiver of the $405 in filing fees (i.e., $350 filing fee plus a $55 general administration fee). ECF 2. Having reviewed Mr. Montano's filing, the Court grants his IFP application.

Mr. Montano is back before this Court a decade after his breach of contract and tort claims against the United States Army Corps of Engineers (ACE) were dismissed for lack of subject matter jurisdiction. *Montano Elec. Contractor v. United States*, 114 Fed. Cl. 675 (2014). In 2014, this Court held that Mr. Montano and MEC—an electrical subcontractor engaged in a government construction project—lacked privity of contract with the government as required under the Tucker Act, 28 U.S.C. § 1491(a), and the Contract Disputes Act, 41 U.S.C. § 7104(b)(1). *Montano Elec.*, 114 Fed. Cl. at 679–80. This Court further concluded that Mr. Montano failed to present a proper pass-through claim since the prime contractor was not a party to the litigation and had already settled all claims with the government related to the project. *Id.* at 680–81. Finally, this Court dismissed Mr. Montano's claims that the contracting officer acted negligently on the ground that federal district courts are the appropriate forum for actions brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1). *Montano Elec.*, 114 Fed. Cl. at 681–82. The Court declined to transfer the FTCA claim to the appropriate district court pursuant to 28 U.S.C. § 1631 due to Mr. Montano's failure to exhaust his administrative remedies. *Montano Elec.*, 114 Fed. Cl. at 681–82. On appeal, the United States Court of Appeals for the Federal Circuit affirmed. *Montano Elec. Contractor v. United States*, 610 F. App'x. 987, 990 (Fed. Cir. 2015), *reh'g denied* (June 22, 2015).

Prior to filing suit in this Court in 2013, Mr. Montano sought relief in the Armed Services Board of Contract Appeals (ASBCA or Board). The Board reached the same conclusions regarding the breach of contract claims and similarly dismissed the matter on jurisdictional grounds. *A. Montano Elec. Contractor*, ASBCA No. 56951, 10-2 BCA ¶ 34587, 2010 WL 4418630 (Oct. 27, 2010), *reconsideration dismissed*, ASBCA No. 56951, 11-2 BCA ¶ 34790, 2011 WL 2624448 (June 23, 2011).

Mr. Montano's claims date back to electrical work he and MEC reportedly performed between in or about 1999 and 2003 at the Redstone Arsenal Army base near Huntsville, Alabama. Initially, MEC served as a subcontractor to American Renovation and Construction (ARC). When ARC defaulted in 2002, the surety, St. Paul Mercury Insurance Company (St. Paul), assumed responsibility for the project. St. Paul, in turn, hired Soltek Pacific (Soltek) as the completion contractor. ACE and St. Paul settled the surety's claims under the contract in 2007. Mr. Montano seeks nearly $760,000 in damages for electrical work reportedly performed, attributed in whole or in part to unspecified change orders and compensable delays. His efforts to secure payment from ACE, the United States Department of Defense, the United States Army, and St. Paul have been unsuccessful.

Seeking to replead his claim in this Court, Mr. Montano asserts an express or implied contract directly with the United States. In support, Mr. Montano maintains he did not sign a contract to perform work for St. Paul or Soltek and that direct orders were issued to him by the government. Mindful that Mr. Montano is proceeding pro se, the Court construes his pleading liberally. *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005) (citing cases). Nevertheless, pro se plaintiffs must establish the Court's jurisdiction by preponderant evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Mr. Montano cannot satisfy this threshold requirement, and there is no reasonable ability to cure the fundamental defects. Accordingly, his complaint must be dismissed in accordance with Rule 12 of the Rules of the United States Court of Federal Claims (RCFC). RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2005) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte.") (citing *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998)).

Putting aside the fact that Mr. Montano's current assertion of privity of contract with the government is inconsistent with his previous concessions before this Court, the Federal Circuit, and the ASBCA, it is untimely. The statute of limitations for filing a case in this Court in this Court is six years. 28 U.S.C. § 2501. The Contracts Disputes Act (CDA), in turn, requires contractors to submit a claim to a contracting officer within six years of accrual and, if dissatisfied, to file suit in this Court within one year of the final contracting officer's decision or deemed denial. 41 U.S.C. §§ 7103(4)(A), 7104 (b)(3). These time limits are jurisdictional and strictly enforced. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133–34 (2008); *Avant Assessment, LLC v. United States*, 171 Fed. Cl. 212, 216–17 (2024), *appeal filed*, No. 24-2054 (Fed. Cir. July 9, 2024). The events underlying Mr. Montano's breach of

contract claim took place more than twenty years ago. Accordingly, his complaint must be dismissed.

For the reasons set forth above:

(1) The Clerk of Court is directed to **CHANGE** the case caption in this case to: **JOSE A. MONTANO** *on behalf of* Montano Electrical Contractor. All future filings shall include this case caption.

(2) Plaintiff's application to proceed *in forma pauperis* (ECF 2) is **GRANTED**.

(3) Plaintiff's complaint (ECF 1) is **DISMISSED** for lack of subject matter jurisdiction in accordance with RCFC 12(h)(3).

(4) The Clerk of Court is directed to **DISMISS** the complaint for lack of subject matter jurisdiction under RCFC 12(h)(3) and **ENTER** judgment accordingly.

It is so **ORDERED**.

s/ Armando O. Bonilla
Armando O. Bonilla
Judge